(No. 92-CC-0416–)

ORLANDIS BOLDEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 11, 1999.*

ORLANDIS BOLDEN, *pro se.*

JIM RYAN, Attorney General (MICHAEL A. WULF and LORI L. CRENSHAW, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

EPSTEIN, J.

Claimant Orlandis Bolden, an inmate of the Illinois Department of Corrections ("IDOC"), brought this claim seeking $80 for damage to personal property, *i.e.* his television set, which he alleges he suffered due to the negligence of IDOC.

### The Trial Record: The Facts

On March 29, 1991, while Claimant was watching television in the Stateville IDOC facility, the electrical power went out. Claimant asserts that this outage was due to an inmate placing electrical wires together in a

neighboring cell, causing a short in the system. Claimant alleges that up to 15 days before the incident, IDOC staff were aware of the electrical problem in cell number 2A04. Claimant also contends that IDOC personnel were aware that that cell had no safeguard on the electrical outlets, and contends that the activities of the other inmate in the unsafeguarded cell caused the electrical problem that destroyed his television set for which he claims a value of $80, based on its purchase price.

Claimant testified that he was assigned to segregation at the time of the incident. He also acknowledged that power outages occurred at Stateville over a period of two or three months. Claimant contends he told IDOC agents that there were power problems that might damage his television, and that he had observed the problem and that there were two wires sticking out of the wall in the other cell that had not been repaired.

The gravamen of Claimant's complaint appears to be that IDOC allowed occupancy of a cell that had electrical problems, and that as a result of placing an inmate in that cell the Claimant's television set was destroyed.

However, the Claimant acknowledged that, in his grievance that he filed with the Institutional Review Board, he had stated that "the new inmate placed the two wires together, and they blew out grievant's television." Claimant contends that despite the direct cause of his damage by the other inmate, he had made the condition of the cell perfectly clear to the staff and an inmate should never have been put in that cell "in the first place."

## Opinion

The Court accepts Claimant's assertion that there was an electrical problem in plain view in the neighboring cell

number 2A04 at the time of this incident, which is essentially undisputed. Claimant's statement that no prisoner "should have been allowed" to occupy that cell until the electrical problem was remedied is also uncontradicted, but is a matter of opinion, not of fact. Third, we find no evidence contradicting the testimony of the Claimant that he had made the electrical problem known to IDOC staff prior to the incident in question, and that despite that knowledge, they had placed a prisoner in the cell and the electrical surges caused by cross-wiring destroyed Claimant's television set.

However, on close analysis, there is no evidence as to what occurred in the other cell to cause this electrical outage, nor is there direct evidence that something that happened in that particular cell was, in fact, the cause of the particular outage that destroyed Claimant's T.V. Claimant was not there. Although, based on the prior circumstances to which Claimant testified, there is surely reason to suspect that crossed wires in the other cell are a prime suspect as the cause of the destructive electrical short, this simply has not been proven or evidenced. Respondent, offering no evidence, concedes the point that the power surge or "short" damaged or destroyed Claimant's television set, but the ultimate cause remains unproven. This leaves open the possibility that Claimant suggests: that another inmate's actions (deliberate or negligent) caused the power short.

In *Pughsley v. State* (1991), 43 Ill. Ct. Cl. 284, this Court addressed an inmate's claim for damage to his television set as a result of a power surge caused by the wrongful act of another inmate. Judge Patchett, speaking for the Court, stated:

"At the hearing * * * Claimant testified that the incident in question occurred while he was housed in the segregation unit * * * at Menard Penitentiary. At approximately 8:00 p.m. on the day in question, there was 'an electrical power

surge' caused by another inmate several cells away from Claimant's cell. The Department Report ° ° ° indicates that the power surge was caused as a result of another inmate tampering with an electrical outlet. Thus, the damage to the claimant's property appears to have occurred as a result of the wrongful act of another inmate. It was not the fault of the Respondent or its agents."

This Court went on to hold that the State was not an insurer of the property of inmates and that no evidence had been presented by the Claimant in the *Pughsley* case to indicate that the Respondent or its agents failed to exercise due care with respect to the property of the Claimant.

There is some distinction between the *Pughsley* case and the case at bar. In the case at bar, Claimant contends that Respondent's negligence was grounded in the fact that Respondent knew that there were exposed electrical wires in a cell which could be manipulated to cause power surges, and yet they placed an inmate in the cell notwithstanding that prior knowledge. Nevertheless, it is our view that *Pughsley* governs here. It may have been negligent of the IDOC staff to leave the wires exposed in an occupied cell, as Claimant contends, but it is also true that the exposed wires are an obvious hazard that any reasonable person can recognize as such, and that the control of the hazard was as much in the hands of the other inmate as in IDOC's hands.

There is no basis, therefore, to claim that the exposed wires, *by themselves*, caused the shortage. In the absence of such evidence, or something similar, there is no basis for concluding on this record, that IDOC's negligence was the proximate cause of the short and thus of the destruction of Claimant's T.V. set. Moreover, although supporting evidence is lacking, Claimant takes the position that the power surge was caused by the wrongful activities of another inmate in cell number 2A03. That allegation essentially kills this claim against IDOC, because it claims an intervening cause between negligence of the Respondent

and the damage to Claimant's television. Accordingly, this claim must be denied for lack of proximate cause.

## Conclusion

For the reasons set forth above, this claim is denied and forever barred.